DICKERSON, APPELLEE AND CROSS-APPELLANT, *v.* RUSSO, APPELLEE, ET AL.; WELDON, APPELLANT.

(No. 4056—Decided October 31, 1947.)

*Mr. Carl H. Valentine,* for appellee and cross-appellant Dorothy Dickerson.

*Mr. Carl W. Lortz* and *Mr. John C. Fontana,* for appellee Lorenzo Russo.

*Mr. Clifford L. Rose* and *Mr. Byron E. Ford,* for appellant.

By THE COURT. This is an appeal on questions of law from a judgment on the verdict entered by the Common Pleas Court of Franklin county in favor of the plaintiff.

The plaintiff, Dorothy Dickerson, brought an action for damages arising by reason of a collision which occurred on September 18, 1941, at 2:45 a. m., at the intersection of Parsons avenue and Whittier street, city of Columbus, between a taxicab owned by defendant Lorenzo Russo, in which taxicab the plaintiff was riding at the time as a passenger for hire, and an automobile operated by defendant Richard J. Weldon. In her amended petition the plaintiff alleged that both defendants were negligent in the operation of their respective vehicles, in that each defendant entered the intersection against the red light, and that the vehicles were being driven at an excessive rate of speed, to wit, 40 miles per hour.

At the close of all the evidence both Russo and Weldon moved for directed verdicts, which motions the court overruled. The jury returned a verdict for the plaintiff against both defendants in the amount of $2,500. Both defendants filed motions for judgments *non obstante veredicto*. The court sustained the motion filed by Russo and entered judgment for that defendant. The court overruled the motion of Weldon and entered judgment on the verdict for the plaintiff, from which judgment Weldon appeals. The plaintiff, Dorothy Dickerson, appeals from the order sustaining the motion of Russo for judgment notwithstanding the verdict.

The defendant Weldon assigns as error: Overruling his motion for judgment following the opening statements; overruling his motion for directed verdict at the close of the plaintiff's case, and also at the close of all the evidence; error in the general charge;

sustaining the motion of Russo for judgment notwithstanding the verdict; and in overruling the defendant's motion for new trial and entering judgment.

The record does not contain the opening statements of counsel. The record does show that the court granted plaintiff permission to amend her amended petition at bar. There is no support in the record for the claimed error in overruling the motion of the defendant Weldon for judgment on the opening statements. Neither can we find support in the record for the claim that judgment should have been rendered for the defendants on the pleadings.

. Error cannot be predicated on the order of the court overruling Weldon's motion for a directed verdict at the close of plaintiff's case, since this error, if any, was waived when Weldon submitted evidence in his own defense.

We have carefully considered the general charge and find no error committed by the court, either in the general charge or in the special instructions given before argument.

The claims that the court erred in overruling Weldon's motion for a directed verdict at the close of all the evidence, in sustaining the motion of Russo for judgment notwithstanding the verdict, and in overruling Weldon's motion for a new trial and entering judgment on the verdict will be considered together.

The evidence shows that the taxicab owned by Russo in which the plaintiff was riding was being driven in a westerly direction on Whittier street; that the automobile being driven by the defendant Weldon was proceeding in a southerly direction on Parsons avenue; that Whittier street and Parsons avenue intersect at right angles; and that at the intersection the traffic is controlled by an automatic traffic signal light, suspend-

ed in the center of the intersection, alternately showing red and green.

The evidence shows that Whittier street is approximately 35 feet in width between curbs, and Parsons avenue is from 45 to 60 feet in width between curbs; that the taxicab had crossed the center line of the intersection and was travelling on the right or north side of Whittier street at the time of the collision; that the automobile being driven by defendant Weldon was travelling on the right or west side of Parsons avenue; that the front end of the Weldon automobile struck the right side of the taxicab near the right front door, smashing in the door and right front fender; that the taxicab, by reason of the impact, was forced to the left and south on Parsons avenue, and when it stopped it was found to be on the west side of Parsons avenue about 20 or 30 feet below Whittier street; and that the Weldon automobile stopped against a utility pole on the southwest corner of the intersection. The collision occurring in the northwest quarter of the intersection, it is evident that the taxicab entered the intersection before the Weldon automobile. The collision occurred at a point where a rate of speed not in excess of 35 miles per hours is regarded as *prima facie* reasonable and lawful, under Section 6307-21, General Code. However, the evidence shows that the taxicab was travelling at a rate of speed of approximately 25 miles per hour, and the Weldon automobile at approximately 35 miles per hour.

The court in its general charge eliminated the charge of excessive speed against Russo, but submitted to the jury the issue of excessive speed on the part of Weldon.

The sole remaining question at issue was: Which driver entered the intersection on the red light? The drivers of both vehicles testified that they entered the intersection on the green light. The plaintiff tes-

tified that as the taxicab approached the intersection she saw the green light on Whittier street, but the top of the taxicab obscured her vision as the taxicab entered the intersection. The driver of another motor vehicle testified that he was proceeding in a northerly direction on Parsons avenue, and as he reached the intersection the light was red on Parsons avenue, causing him to stop to wait for the light to turn green in order to proceed, and that while he was waiting and the light was still red on Parsons avenue, the motor vehicles in question entered the intersection and the collision occurred.

Obviously the drivers of both vehicles could not enter the intersection at the same time on the green light, or at the same time on the red light. Clearly, one driver entered the intersection on the green or "go" signal, and the other on the red or "stop" signal. There was a definite conflict in the evidence on this issue. Clearly it was a question to be determined by the jury. After giving consideration to all the evidence, and giving the evidence the most favorable interpretation in favor of the plaintiff, we are of the opinion that reasonable minds could reasonably arrive at different conclusions. The motion of Russo for judgment notwithstanding the adverse verdict should have been overruled.

With respect to the defendant Weldon, both charges of negligence were submitted to the jury, to wit, excessive speed and entering the intersection on the red light. In applying the same legal test to the evidence with respect to any negligence on the part of Weldon, reasonable minds could reasonably arrive at different conclusions. Under the issues and the evidence the jury could very properly find both defendants guilty of negligence. Consequently, the court very properly overruled both motions for a directed verdict at the

close of all the evidence. Also the court was correct in overruling Weldon's motion notwithstanding the verdict, and in overruling his motion for a new trial and entering judgment on the verdict.

The errors assigned by the plaintiff, that the court erred in sustaining the motion of defendant Russo for judgment notwithstanding the verdict, and in entering judgment in favor of Russo and against the plaintiff, need no further discussion.

This case was thoroughly tried. The parties involved were represented by competent counsel who fully explored every phase of the case. We are of the opinion that the amount of damages awarded to the plaintiff is supported by the evidence; that there was no error in the admission or exclusion of evidence, and no prejudicial error appears in the record to support the claim of appellant Weldon.

The case will be remanded with instructions to overrule the motion of Russo notwithstanding the verdict, and to enter judgment on the verdict for the plaintiff and against Russo. In all other respects the judgment is affirmed.

*Judgment accordingly.*

WISEMAN, P. J., MILLER and HORNBECK, JJ., concur.